Argued and submitted March 22, reversed and remanded December 8, 1982

CLEVELAND,
*Appellant,*
*v.*
MILLER,
*Respondent.*

(No. 810789, CA A22320)

654 P2d 152

Edward L. Daniels, Albany, argued the cause and filed the brief for appellant.

Michael Duane Brown, Salem, argued the cause for respondent. On the brief were Kathy A. Lincoln, and Churchill, Leonard, Brown & Donaldson, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals the dismissal of his suit for specific performance of a land sales contract. We reverse and remand.

Plaintiff was the buyer and defendant the seller of a piece of real property. The essence of plaintiff's amended complaint was that the deed defendant had offered in return for plaintiff's tender of the full purchase price did not conform to the terms of the land sales contract, because the deed contained certain exceptions, conditions and reservations. The trial court granted defendant's motion to dismiss, holding that the complaint failed "to state ultimate facts sufficient to constitute a claim," because the deed offered by defendant was "good and sufficient."

The complaint incorporated by reference the contract signed on December 21, 1976, which contained these restrictions:

"The Purchaser agrees not to sell any portion of the above-described property, except as a single piece of property until December 21, 1984, and the Seller herein has the first right of refusal to buy said property at the same price and terms as offered to anyone else.

"Purchaser shall have the right to remove any brush on the property but will not cut trees on the property which are in excess of eight inches in diameter measured at the stump, without the written consent of the Seller being first had and obtained. Trees may be removed for a building site, including a lawn and garden.

"Purchaser also agrees that all utilities shall be placed underground.

"Purchaser agrees that no structure of any kind will be erected within 100 feet of the extended center line of The Green Trees Ranch Airport runway as that extended center line crosses the property herein described, including fences, trees, antennae, or any other obstruction to flight during landing or takeoff of aircraft from or to the Green Trees Ranch Airport."

The deed clause of the contract, however, provided:

"Upon payment by Purchaser in full of the purchase price, including interest Seller will execute and deliver a conveyance to Purchaser of all of the right, title and

interest in and to the aforesaid real property, which said conveyance shall be in the nature of a warranty deed, and will furnish Purchaser with a title insurance policy which same shall guarantee that the title is a marketable one, subject only to rights of way of record."

The complaint also incorporated by reference the "Special Warranty Deed" defendant had offered to plaintiff after he had tendered the balance of the full purchase price on February 20, 1981. It contained the following:

"Also subject to the following conditions and restrictions, constituting covenants to run with the land for the benefit of Grantor:

"1. Grantee shall not sell any portion of the above-described property except as a single piece of property until December 21, 1984.

"2. Grantee shall not sell any portion of the above-described property, without first giving Grantor the right to buy said property at the same price and terms as offered to anyone else.

"3. Grantee shall not cut trees on the property which are in excess of eight inches in diameter measured at the stump, except for a building site, including lawn and garden, without the written consent of Grantor being first had and obtained. This restriction shall be in effect so long as Grantor's right of first refusal is in effect.

"4. Grantee shall place all utilities undergound.

"Grantor hereby reserves a perpetual, exclusive, appurtenant avigation easement for the benefit of the airport located immediately West of the subject property, over that portion of the above-described property lying within 100 feet of the extended center line of the Green Trees Ranch Airport runway. Grantee shall erect no improvement, including but not limited to fences and antennae, nor plant any trees nor cause any other obstruction to flight during landing or takeoff of aircraft at the Green Trees Ranch Airport."

The first three restrictions in the deed are internally ambiguous and are also inconsistent with the deed clause of the contract. The first restriction terminates on December 21, 1984. The absence of a specific time limit in the second restriction implies that defendant can exercise

the right of first refusal at any time. The third restriction, however, arguably implies that there may be a time when defendant can no longer exercise the right of first refusal. The first two restrictions in the deed, by which defendant would retain control over plaintiff's right to resell the property, are inconsistent with the deed clause of the contract, which requires defendant, after payment in full, to convey all of defendant's "right, title and interest" in the property.

The restrictions in the contract concerning underground utilities and the erection of structures in the flight path are open to two interpretations. The parties could have intended that these restrictions were to be included in the deed as covenants running with the land and as an aviation easement for the benefit of defendant. On the other hand, the parties may have intended that they constitute personal covenants between the parties that were to terminate after plaintiff had paid the full purchase price. The deed clause in the contract supports this interpretation.

Because the complaint shows on its face that inconsistencies and ambiguities exist between the contract and the tendered deed, the complaint stated "ultimate facts sufficient to constitute a claim" under ORCP 21A. Plaintiff should have been given the opportunity to present extrinsic evidence on the issue of the parties' intent concerning the terms of the land sale contract. *See* ORS 41.740. The trial court's dismissal of the complaint was error. *See Union Bond v. M & M Wood Working*, 242 Or 451, 456, 410 P2d 224 (1966).

Reversed and remanded.